UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

_____

MICHAEL BAZIKOS,  : CIVIL ACTION
  :
PLAINTIFF,  :
  :
   vs.  :
  : NO. 15-5488
  :
PRUDENTIAL INSURANCE  :
COMPANY OF AMERICA,  :
  :
  :
DEFENDANT.  : COMPLAINT
_____

Plaintiff, Michael Bazikos, by his attorneys, Bross & Frankel, P.A., respectfully alleges that:

## Jurisdiction and Venue

1. This is a civil action under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3)(B) for failure to provide adequate administrative review and failure to grant benefits for a claim for long-term disability (hereinafter "LTD") benefits, based on a finding that the Plaintiff is not disabled.

2. At all times relevant hereto, Defendant, The Prudential Insurance Company of America, was the administrator of a certain Long-Term Disability Plan (hereinafter "the Plan"), governed by the Employee Retirement Income and Security Act (hereinafter "ERISA"), 29 U.S.C. §§ 1101 et seq.

3. At all times relevant hereto, the aforementioned Plan was administered by Defendant, by virtue of a Long-Term Disability policy issued to Plaintiff's former employer, Owens & Minor, Inc.

4. The jurisdiction of this Court is invoked, pursuant to Section 1132(a)(1)(B) of ERISA, which allows an ERISA plan participant to bring a civil action to recover benefits due him under the terms of the Plan and Section 1132(a)(3)(B), which allows an ERISA plan participant to bring a civil action to seek equitable relief against any practice which violates a provision of the terms of the Plan.

**Statement of Facts**

5. Plaintiff, Michael Bazikos, is an individual and resides at 40 W. Center Street, Clayton, NJ 08312.

6. Defendant, The Prudential Insurance Company of America, is a corporation, which regularly does business in the State of New Jersey, and has corporate offices located at 751 Broad Street, 4th Floor, Newark, NJ 07102

7. At all times relevant hereto, Plaintiff was employed by Owens & Minor, Inc. and, as such, qualified as a participant in the aforementioned Plan.

8. On or about January 14, 2012, Plaintiff became disabled and unable to work as a result of multiple medical impairments, including but not limited to degenerative disc disease, impingement syndrome at the shoulder and knees, chronic obesity, chronic venostasis, cellulitus, as well as other significant symptoms arising out of his medical conditions.

9. Thereafter, on January 14, 2012, Plaintiff applied for disability benefits as a participant in the aforesaid Plan administered by Defendant, The Prudential Insurance Company of America.

10. Thereafter, Defendant awarded long-term disability benefits.

11. Thereafter, Defendant terminated the Plaintiff's long-term disability benefits, by letter, dated April 17, 2014.

12. Thereafter, the Plaintiff appealed the denial.

13. Thereafter, the Defendant upheld its denial, by letter, dated June 4, 2015.

14. Defendant is in breach of its contractual obligations to provide long-term disability benefits to which Plaintiff is entitled under the Plan, insofar as the Plaintiff has remained totally disabled and unable to work since January 14, 2012, due to his medical conditions as confirmed by his complaints, substantial objective medical evidence and the credible opinions of his physicians.

15. Plaintiff is owed disability benefits from Defendant, since April 13, 2014, under the terms of the Plan.

16. Plaintiff is entitled to an Order from this Court, compelling Defendant to pay him disability benefits as provided in the Plan and according to 29 U.S.C. §1132(a)(1)(B).

**WHEREFORE**, Plaintiff, Michael Bazikos, demands the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant, and that the court order the Defendant to pay disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled;

B. That the court order the Defendant to pay Plaintiff pre-judgment interest on all benefits that have accrued prior to the date of judgment;

C. That the court order Defendant to continue paying benefits to Plaintiff until such time as he meets the policy conditions for discontinuance of benefits;

D. That the court award Plaintiff his attorney's fees pursuant to 29 U.S.C. Section 1132(g); and,

E. That Plaintiff recover any and all other relief to which he may be entitled, as well as the costs of suit.

DATED: July 13, 2015             BROSS & FRANKEL, P.A.

                                 By: s/Richard L. Frankel, Esquire
                                     RICHARD L. FRANKEL, ESQUIRE
                                     ATTORNEYS FOR PLAINTIFF,
                                     MICHAEL BAZIKOS
                                     102 Browning Lane, Building C-1
                                     Cherry Hill, New Jersey  08003
                                     rich@ltdbenefitslaw.com